**CLEARY GIACOBBE ALFIERI JACOBS LLC**
169 Ramapo Valley Road
Upper Level 105
Oakland, New Jersey 07436
Tel: 973-845-6700
Fax: 201-644-7601
Attorneys for Defendants Borough of Pompton Lakes, Michael Serra, Michael Carelli, Jennifer Polidori, Robert Cruz, Ranuel Hinton, Patrick Quinn, Ekamon Venin (i/p/a Ekamon Verin), and Maria Kent

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARL LARSON,<br><br>                    Plaintiff,<br><br> v.<br><br>BOROUGH OF POMPTON LAKES, NEW JERSEY; MICHAEL SERRA; MICHAEL CARELLI; JENNIFER POLIDORI; ROBERT CRUZ; RANUEL HINTON; PATRICK QUINN; EKAMON VERIN; MARIA KENT; and JOHN DOES I-V, individually,<br><br>                    Defendants. | Case No. 2:25-cv-15833<br><br>CIVIL ACTION<br><br>**ANSWER, SEPARATE DEFENSES, JURY DEMAND** |

PLEASE TAKE NOTICE that Defendants, Borough of Pompton Lakes, Michael Serra, Michael Carelli, Jennifer Polidori, Robert Cruz, Ranuel Hinton, Patrick Quinn, Ekamon Venin (improperly pled as Ekamon Verin), and Maria Kent ("Defendants") by way of Answer to the Complaint, by and through their attorneys, respond herein as follows:

## As to NATURE OF ACTION

1.   Paragraph 1 does not contain any factual allegations but consists of a conclusion of law, and therefore, no response is

required from these Defendants. To the extent a response is required to any factual contentions contained therein, they are denied.

### As to JURISDICTION

2.   Admitted.

3.   Admitted.

### As to VENUE

4.   Admitted.

### As to FACTS COMMON TO ALL COUNTS

### I. As to Parties

5.   Admitted.

6.   Admitted.

7.   Admitted.

8.   Admitted.

9.   Admitted.

10.   No response is made to the allegations in Paragraph 10 of the Complaint as they are not directed against these Defendants are directed at unknown fictitious individuals.

### II. As to Facts

**A. As to Background**

11.   Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint and therefore leave Plaintiff to his proofs.

2

12. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint and therefore leave Plaintiff to his proofs.

13. Admitted to the extent that Plaintiff jointed the Pompton Lakes Fire Department as a volunteer. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the balance of the allegations contained in Paragraph 13 of the Complaint and therefore leave Plaintiff to his proofs.

14. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint and therefore leave Plaintiff to his proofs.

15. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and therefore leave Plaintiff to his proofs.

16. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint and therefore leave Plaintiff to his proofs.

## B. As to The Plaintiff's Emails to the Mayor

17. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and therefore leave Plaintiff to his proofs.

18. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and therefore leave Plaintiff to his proofs.

19. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations respecting Plaintiff's motivations contained in Paragraph 19 of the Complaint and therefore leave Plaintiff to his proofs. As to the balance of the allegations in Paragraph 19 of the Complaint, no response is required since Plaintiff's emails "speak for themselves."

20. Plaintiff's characterization that he sent his emails as a private citizen is denied. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the balance of the allegations contained in Paragraph 20 of the Complaint and therefore leave Plaintiff to his proofs.

21. Denied to the extent that Plaintiff states his emails had nothing to do with his work as a volunteer firefighter.

Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the balance of the allegations contained in Paragraph 21 of the Complaint and there.

22. No response is required to the characterization in Paragraph 22 of the Complaint since Plaintiff's emails "speak for themselves."

23. No response is required to the characterization in Paragraph 23 of the Complaint since Plaintiff's emails "speak for themselves."

24. The allegations set forth in Paragraph 24 of the Complaint consist of a legal conclusion to which no response is required. To the extent that a response is required to the allegations therein, they are denied.

25. The allegations and characterizations set forth in Paragraph 25 of the Complaint consist of a legal conclusion to which no response is required. To the extent that a response is required to the allegations therein, they are denied.

26. No response is required to the allegations in Paragraph 26 of the Complaint as the July 8, 2025 and July 18, 2025 correspondence, annexed to Plaintiff's Complaint as Exhibits B and C respectively, "speak for themselves."

27. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity

5

of allegations contained in Paragraph 27 of the Complaint, and therefore leave Plaintiff to his proofs.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

**C. As to The Plaintiff's Suspension**

29. Denied as to Plaintiff's characterization of the investigation, admitted as to the balance of the allegations in Paragraph 29 of the Complaint.

30. No response is required to the characterization in Paragraph 30 of the Complaint since the police report "speaks for itself."

31. No response is required to the characterization in Paragraph 31 of the Complaint since the police report "speaks for itself."

32. Paragraph 32 does not contain any factual allegations but consists of a conclusion of law, and therefore, no response is required from these Defendants. To the extent a response is required to any factual contentions contained therein, they are denied.

33. No response is required the allegations in Paragraph 33 of the Complaint since the July 8, 2025 correspondence "speaks for itself."

34. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity

6

of the allegations contained in Paragraph 34, and therefore leave Plaintiff to his proofs.

35.    No response is required the allegations in Paragraph 34 of the Complaint since the July 18, 2025 correspondence "speaks for itself."

36.    No response is required the allegations in Paragraph 34 of the Complaint since the July 8, 2025 correspondence "speaks for itself."

37.    Denied as to Plaintiff's characterizations, admitted as to the balance of the allegations contained in Paragraph 37 of the Complaint.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    No response is required to the allegations in Paragraph 39 of the Complaint since the July 18, 2025 correspondence "speaks for itself."

40.    No response is required to the allegations in Paragraph 40 of the Complaint since the July 18, 2025 correspondence "speaks for itself."

41.    The allegations set forth in Paragraph 41 of the Complaint consist of a legal conclusion to which no response is required. Moreover, no response is required to the extent that Paragraph 41 discusses the July 18, 2025 correspondence as it

7

"speaks for itself." To the extent that a response is required to the allegations therein, they are denied.

42. No response is required to Paragraph 42 of the Complaint as it contains only a hypothetical. To the extent a response is required, same is denied.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants are without sufficient knowledge or information upon which to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint, and therefore leave Plaintiff his proofs.

45. Admitted to the extent that a demand letter dated August 21, 2025 was received by Defendant Borough of Pompton Lakes, denied as to Plaintiff's characterizations contained in Paragraph 45 of the Complaint.

**As to FIRST COUNT**
**(FIRST AMENDMENT RETALATION –**
**42 U.S.C. 1983)**

46. Defendants repeat and reiterates its responses to each of the foregoing allegations contained in Paragraphs 1-45 above, and incorporate same herein as though set forth at length.

47. This is a Statement of Law to which no response is required and therefore Defendants deny same and leave Plaintiff to his proofs.

48. Denied.

8

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied that Plaintiff is entitled to an award of counsel fees and costs.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any of the relief requested including, but not limited to, preliminary and final injunctive relief, compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, or such relief.

### As to SECOND COUNT
### (FREE SPEECH RETALATION –
### NEW JERSEY CIVIL RIGHTS ACTS)

58.   Defendants repeat and reiterates its responses to each of the foregoing allegations contained in Paragraphs 1-57 above, and incorporate same herein as though set forth at length.

59.   This is a Statement of Law to which no response is required and therefore Defendants deny same and leave Plaintiff to his proofs.

60.   Denied.

61.   Denied.

62. Admitted to the extent that the individual Defendants are all "persons," denied as to the balance.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any of the relief requested including, but not limited to, preliminary and final injunctive relief, compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, or such relief.

<u>**SEPARATE DEFENSES**</u>

<u>**FIRST SEPARATE DEFENSE**</u>

The Complaint fails to state a claim upon which relief may be granted, and the Defendants reserve the right to move to dismiss Plaintiff's Complaint on that ground, pursuant to Rule 12(b)(6) or Rule 12(c) of the Federal Court Rules of Civil Procedure.

<u>**SECOND SEPARATE DEFENSE**</u>

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

<u>**THIRD SEPARATE DEFENSE**</u>

Plaintiff's causes of action, or some of them are barred, in whole or in part, by the doctrine of election of remedies and/or failure to exhaust administrative remedies.

**FOURTH SEPARATE DEFENSE**

Plaintiff's causes of action are barred by the conduct of Plaintiff, which conduct constitutes equitable estoppel, collateral estoppel, res judicata, entire controversy, unclean hands, waiver, and/or laches.

**FIFTH SEPARATE DEFENSE**

Defendants affirmatively and specifically plead each and every defense, limitation, immunity and protection provided under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. and hereby place Plaintiff on notice that each such statutory protection is hereby raised as a separate and affirmative defense to any and all state law claims throughout every stage of this case.

**SIXTH SEPARATE DEFENSE**

Defendants affirmatively assert herein all defenses available to it under the Civil Rights Act of 1871 for Plaintiff's federal causes of action.

**SEVENTH SEPARATE DEFENSE**

Defendants did not unlawfully retaliate against Plaintiff based upon any exercise of free speech.

**EIGHTH SEPARATE DEFENSE**

Plaintiff cannot prove that Plaintiff suffered from an adverse employment action for any reason that is prohibited by the New Jersey Civil Rights Act or the United States Constitution.

11

## NINTH SEPARATE DEFENSE

Plaintiff's claim against Defendants must fail as a matter of law since Plaintiff cannot prove a constitutional deprivation resulting from an official custom or policy or procedure under 42 U.S.C. §1983. Monell v. Dept. of Social Services, 436 U.S. 658, 691-94 (1978).

## TENTH SEPARATE DEFENSE

Plaintiff cannot prove that he had engaged in protected "free speech" since the topics detailed in the Complaint were not concerning matters of general public interest, but rather touched upon Plaintiff's employment with the Borough.

## ELEVENTH SEPARATE DEFENSE

The employees and/or agents of Defendants Borough of Pompton Lakes did not violate clearly established statutory rights of Plaintiff, and as such the individual Defendants are immune from liability for its discretionary acts, pursuant to the qualified or good faith immunity provided by Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), and Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1277 (3d Cir. 1994).

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims, or some of them are barred for the failure to exhaust administrative remedies or by the failure to follow grievance procedures negotiated for in the applicable collective negotiations agreement with respect to those matters that are

squarely within the Borough's managerial prerogative to make or change.

## THIRTEENTH SEPARATE DEFENSE

Any claims against Defendants are barred by contributory negligence or should be mitigated by comparative negligence pursuant to N.J.S.A. 2A:15-5.1, et seq.

## FOURTEENTH SEPARATE DEFENSE

The occurrences complained of were proximately caused by actions and negligence of Plaintiff and/or third parties, over which Defendants had no control, which actions and negligence intervened and superseded any negligence of Defendants, thereby precluding recovery.

## FIFTEENTH SEPARATE DEFENSE

Recovery is reduced to the extent that any of Plaintiff's losses have been paid by collateral sources.

## SIXTEENTH SEPARATE DEFENSE

This action is barred or recovery reduced due to Plaintiff's failure to mitigate damages.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's demand for punitive damages against Defendants are barred as a matter of law, pursuant to the United States Supreme Court's decision in City of Newport v. Fact Concerts, 453 U.S. 247, 258-71 (1981).

13

**EIGHTEENTH SEPARATE DEFENSE**

Since Plaintiff cannot prove that he is a "prevailing party," Plaintiff is not entitled to an award of counsel fees as to any of the statutory fee-shifting claims contained in the Complaint.

**NINETEENTH SEPARATE DEFENSE**

Plaintiff's claims, or some of them, are frivolous and without any reasonable basis in law or fact; cannot be supported by a good faith argument for extension, modification or reversal of existing law; are lacking in evidentiary support; and are in violation of F.R.C.P. 11.

**TWENTIETH SEPARATE DEFENSE**

Defendants reserve the right to raise additional defenses and amend this Answer as continuing investigation and discovery may reveal same to be necessary and/or applicable.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to any of the relief prayed for within the Complaint and demands dismissal of the Complaint in its entirety.

**JURY DEMAND**

Defendants demand a trial by jury on all issues.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys for Defendants

By:   */s/ Deena B. Rosendahl*
Deena B. Rosendahl, Esq.

Dated: November 21, 2025

14

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Deena B. Rosendahl, Esq., attorneys for Defendants, Borough of Pompton Lakes, Michael Serra, Michael Carelli, Jennifer Polidori, Robert Cruz, Ranuel Hinton, Patrick Quinn, Ekamon Venin, and Maria Kent, in accordance with Loc. Civ. R. 11.2, certify, that to the best of my knowledge, the matter in controversy in the above-captioned civil action is not the subject of any other action pending in any Court, or of any pending arbitration or administrative proceedings.

Pursuant to 28 U.S.C. §1764(s), I declare under punishment of perjury, that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys for Defendants

By:  */s/ Deena B. Rosendahl*
Deena B. Rosendahl, Esq.

Dated: November 21, 2025

## CERTIFICATION OF SERVICE

I, Deena B. Rosendahl, Esq., hereby certify that a copy of the within Answer, was e-filed with:

Melissa E. Rhoads, Esq., Clerk
United States District Court
District of New Jersey
Martin Luther King Jr. Bldg. & US Courthouse
50 Walnut Street
Newark, New Jersey 07102

All Counsel of Record, via e-filing/pacer

**CLEARY GIACOBBE ALFIERI JACOBS, LLC**
Attorneys for Defendants

By:   */s/ Deena B. Rosendahl*
      Deena B. Rosendahl, Esq.

Dated: November 21, 2025

16